UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| SONIA COLE, | |
| Plaintiff, | |
| -against- | 19-CV-5540 (CM) |
| EMPIRE CITY CASINO/MGM; CASINO SECURITY SERVANTS/STAFFS; GAMING & GAMBLING COMMISSIONER; CITIBANK, | ORDER TO AMEND |
| Defendants. | |

COLLEEN McMAHON, Chief United States District Judge:

Plaintiff brings this action *pro se*, asserting claims about her false imprisonment and "profiling" at the Empire City Casino in Yonkers, New York. By order dated June 14, 2019, the Court granted Plaintiff's request to proceed without prepayment of fees, that is, *in forma pauperis*.

## STANDARD OF REVIEW

The Court must dismiss an *in forma pauperis* complaint, or portion thereof, that is frivolous or malicious, fails to state a claim on which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B); *see Livingston v. Adirondack Beverage Co.*, 141 F.3d 434, 437 (2d Cir. 1998). The Court must also dismiss a complaint when the Court lacks subject matter jurisdiction. *See* Fed. R. Civ. P. 12(h)(3). While the law mandates dismissal on any of these grounds, the Court is obliged to construe *pro se* pleadings liberally, *Harris v. Mills*, 572 F.3d 66, 72 (2d Cir. 2009), and interpret them to raise the "strongest [claims] that they *suggest*," *Triestman v. Fed. Bureau of Prisons*, 470 F.3d 471, 474 (2d Cir. 2006) (internal quotation marks and citations omitted) (emphasis in original).

# BACKGROUND

Plaintiff Sonia Cole alleges that her claims arose on August 13, 2018, at MGM's Empire City Casino in Yonkers, New York. (Compl. at 5.) Plaintiff suffered "sexual harassment outside/inside [the] casino area." (*Id.*) She "ask[ed] a lady to help [her] with 5 points" and allegedly "place[d] $260 on a bet, [and] she won $770." (*Id.*) She states that "this casino robb[ed] me of $9000+ in 2 days." (*Id.*) Moreover, there was a "slot machine malfunction too." (*Id.*) According to Plaintiff, "Citibank call[ed] fraud." (*Id.*)

When Plaintiff was leaving the restroom, casino security staff handcuffed her. Plaintiff also states: "Assaulting + battery to the ground when I came out of [the] restroom." (*Id.*) She contends that the casino uses "facial recognition software . . . with ATM machine in casino to help casino ro[b] us . . . blindly of our money." (*Id.* at 6.)

Plaintiff "demanded that they take [her] to see a criminal court judge because [she] is not a criminal." (*Id.*) She states that there is "hospital involvement too," and attaches a bill from Lawrence Hospital, which lists a date of service on December 17, 2018. (*Id.* at 5, 10.)

Plaintiff brings a claim against Defendants MGM's Empire City Casino and its security staff for "false imprisonment" and may also be asserting other state law tort claims. She also names as Defendants the Commissioner of the New York State Gaming Commission and Citibank. Plaintiff seeks damages and an "injunction against casino profiling," and false imprisonment. (*Id.* at 6.)

# DISCUSSION

## A. Commissioner of the New York State Gaming Commission

"[A]s a general rule, state governments may not be sued in federal court unless they have waived their Eleventh Amendment immunity, or unless Congress has abrogated the states' Eleventh Amendment immunity . . . ." *Gollomp v. Spitzer*, 568 F.3d 355, 366 (2d Cir. 2009).

"The immunity recognized by the Eleventh Amendment extends beyond the states themselves to state agents and state instrumentalities that are, effectively, arms of a state." *Id*. New York has not waived its Eleventh Amendment immunity to suit in federal court, and Congress did not abrogate the states' immunity in enacting 42 U.S.C. § 1983. *See Trotman v. Palisades Interstate Park Comm'n*, 557 F.2d 35, 40 (2d Cir. 1977). Plaintiff's § 1983 claims for damages against the Commissioner of the New York State Gaming Commission are therefore barred by the Eleventh Amendment and are dismissed.

Suits for prospective injunctive relief may proceed against individual officers in their official capacity. *Ex Parte Young*, 209 U.S. 123, 150-59 (1908) (Eleventh Amendment does not bar suits seeking prospective injunctive relief against state officials acting in violation of federal law). Here, Plaintiff sues the Commissioner seeking an injunction against "casino profiling." (Compl. at 6.) Even though Eleventh Amendment immunity does not bar such a claim, Plaintiff's vague allegations fail to state a claim on which relief can be granted regarding "profiling" at the casino.

Plaintiff's description of what occurred is not short and plain. Plaintiff does not allege any facts about how she was "profiled," which the court understands to mean that she was in some way singled out based on a personal characteristic. Because Plaintiff fails to plead facts showing that she was wrongfully detained based on profiling, or how the New York State Gaming Commission's Commissioner is connected to such profiling, these allegations fail to state a claim on which relief can be granted.

## B.     Private Parties

A claim for relief under § 1983 must allege facts showing that each defendant acted under the color of a state "statute, ordinance, regulation, custom or usage." 42 U.S.C. § 1983. Private parties are therefore not generally liable under the statute. *Sykes v. Bank of America*, 723 F.3d 399, 406 (2d Cir. 2013) (citing *Brentwood Acad. v. Tenn. Secondary Sch. Athletic Ass'n*, 531 U.S. 288, 295

(2001)); *see also Ciambriello v. Cnty. of Nassau*, 292 F.3d 307, 323 (2d Cir. 2002) ("[T]he United States Constitution regulates only the Government, not private parties."). As Defendants Citibank, and MGM Empire City Casino are private entities or private parties who are not alleged to work for any state or other government body, Plaintiff has not stated a claim against these defendants under § 1983.

## C.    Casino Security Officers

"Anyone whose conduct is fairly attributable to the state can be sued as a state actor under § 1983." *Filarsky v. Delia*, 132 S. Ct. 1657, 1661 (2012). The Supreme Court has left open the question of when, or whether, a private individual is subject to constitutional tort liability based upon state-sanctioned authority to perform police-type functions. *See Flagg Bros., Inc. v. Brooks*, 436 U.S. 149, 163 n.14 (1978). Private action may be deemed governmental when private actors conspire or are jointly engaged with state actors to deprive a person of constitutional rights, *Dennis v. Sparks*, 449 U.S. 24, 27-28 (1980); where the state compels the act or controls the private actor, *Blum v. Yaretsky*, 457 U.S. 991, 1004 (1982); or when the state delegates a public function to a private entity, *West v. Atkins*, 487 U.S. 42, 55-56 (1988); *Manhattan Cmty. Access Corp. v. Halleck*, No. 17-1702, 2019 WL 2493920, at *4 (U.S. June 17, 2019) ("[T]he government must have traditionally and exclusively performed the function."). The purpose of the state action requirement "is to assure that constitutional standards are invoked only when it can be said that the [government] is responsible for the specific conduct of which the plaintiff complains." *Cranley v. Nat'l Life Ins. Co. of Vermont*, 318 F.3d 105, 111 (2d Cir. 2003) (citations omitted).

Generally, private security guards hired by a business are not state actors under § 1983. *See Bishop v. Toys "R" Us–NY LLC*, 414 F. Supp. 2d 385 (S.D.N.Y. 2006); *Guiducci v. Kohl's Dep't Stores*, 320 F. Supp. 2d 35, 37–38 (E.D.N.Y. 2004) (collecting cases). "[T]he plaintiff must allege

that the state was involved with the activity that caused the injury giving rise to the action." *P.P. v. City of New York*, No. 13-CV-5049 (CM), 2014 WL 4704800, at *14 (S.D.N.Y. Sept. 19, 2014).

A store security officer's call to police, for example, does not constitute state action. *Prowisor v. Bon–Ton, Inc.*, 426 F. Supp. 2d 165, 170 (S.D.N.Y. 2006), *aff'd*, 232 Fed. App'x 26 (2d Cir. 2007). By contrast, in a case where "the police arrest the suspect solely based on the security guard's request, without making any 'independent investigation' of the matter," a district court treated this as joint action with the state. *Michaels v. City of New York*, No. 10-CV-2666 (SHS), 2011 WL 570125, at *4 (S.D.N.Y. Feb. 16, 2011). In addition, deputizing a security guard as a "special patrolman" under the New York City Administrative Code may render a security guard liable under § 1983. *See Rojas v. Alexander's Dep't Store, Inc.*, 654 F. Supp. 856, 858 (E.D.N.Y. 1986) (relying on *Williams v. United States*, 341 U.S. 97, 99 (1951) ("It is common practice . . . for private guards or detectives to be vested with policemen's powers.")).

Plaintiff's complaint, which does not name any police officers as defendants and appears to assert claims that casino security officers unlawfully detained and assaulted her, makes no allegation that these individuals were acting under color of state law. Claims against private parties for false imprisonment or assault and battery arise under state law, which is not a basis for a § 1983 claim. *Pollnow v. Glennon*, 757 F.2d 496, 501 (2d Cir. 1985) ("[A] violation of state law is not cognizable under § 1983."). Plaintiff's allegations thus fail to state a claim under § 1983 on which relief can be granted. Moreover, "when the federal-law claims have dropped out of the lawsuit in its early stages and only state-law claims remain, the federal court should decline the exercise of jurisdiction." *Carnegie-Mellon Univ. v. Cohill*, 484 U.S. 343, 350 n.7 (1988). The action therefore cannot proceed solely on the basis of state law claims.

District courts generally grant a *pro se* plaintiff an opportunity to amend a complaint to cure its defects unless it would be futile. *See Hill v. Curcione*, 657 F.3d 116, 123–24 (2d Cir. 2011);

*Salahuddin v. Cuomo*, 861 F.2d 40, 42 (2d Cir. 1988). Because it is not entirely clear that granting

leave to amend would be futile, the Court grants Plaintiff leave to amend her complaint to replead

§ 1983 claims that she was falsely imprisoned or subjected to excessive force by a police officer or

security guard acting under color of state law.

## LEAVE TO AMEND

Plaintiff is granted leave to amend her complaint to detail her claims. First, Plaintiff must

name as the defendant(s) in the caption[1] and in the statement of claim those individuals who

were allegedly involved in the deprivation of her federal rights. If Plaintiff does not know the

name of a defendant, she may refer to that individual as "John Doe" or "Jane Doe" in both the

caption and the body of the amended complaint.[2] In the statement of claim, Plaintiff must

provide a short and plain statement of the relevant facts supporting each claim against each

defendant named in the amended complaint. Plaintiff is also directed to provide the addresses for

any named defendants. To the greatest extent possible, Plaintiff's amended complaint must:

    a) give the names and titles of all relevant persons;

    b) describe all relevant events, stating the facts that support Plaintiff's case including what each defendant did or failed to do;

    c) give the dates and times of each relevant event or, if not known, the approximate date and time of each relevant event;

---

[1] The caption is located on the front page of the complaint. Each individual defendant must be named in the caption. Any defendants named in the caption must also be discussed in Plaintiff's statement of claim.

[2] For example, a defendant may be identified as: "Correction Officer John Doe #1 on duty August 31, 2010, at Sullivan Correctional Facility, during the 7-3 p.m. shift." The naming of John Doe defendants, however, does *not* toll the three-year statute of limitations period governing this action and Plaintiff shall be responsible for ascertaining the true identity of any "John Doe" defendants and amending her complaint to include the identity of any "John Doe" defendants before the statute of limitations period expires. Should Plaintiff seek to add a new claim or party after the statute of limitations period has expired, she must meet the requirements of Rule 15(c) of the Federal Rules of Civil Procedure.

     d) give the location where each relevant event occurred;

     e) describe how each defendant's acts or omissions violated Plaintiff's rights and describe the injuries Plaintiff suffered; and

     f) state what relief Plaintiff seeks from the Court, such as money damages, injunctive relief, or declaratory relief.

Essentially, the body of Plaintiff's amended complaint must tell the Court: who violated her federally protected rights; what facts show that her federally protected rights were violated; when such violation occurred; where such violation occurred; and why Plaintiff is entitled to relief. Because Plaintiff's amended complaint will completely replace, not supplement, the original complaint, any facts or claims that Plaintiff wishes to maintain must be included in the amended complaint.

## CONCLUSION

The Clerk of Court is directed to assign this matter to my docket, mail a copy of this order to Plaintiff, and note service on the docket. Plaintiff is granted leave to file an amended complaint that complies with the standards set forth above. Plaintiff must submit the amended complaint to this Court's Pro Se Intake Unit within sixty days of the date of this order, caption the document as an "Amended Complaint," and label the document with docket number 19-CV-5540 (CM). An Amended Complaint form is attached to this order. No summons will issue at this time. If Plaintiff fails to comply within the time allowed, and she cannot show good cause to excuse such failure, the complaint will be dismissed for failure to state a claim upon which relief may be granted.

The Court certifies under 28 U.S.C. § 1915(a)(3) that any appeal from this order would not be taken in good faith, and therefore *in forma pauperis* status is denied for the purpose of an appeal. *Cf. Coppedge v. United States*, 369 U.S. 438, 444-45 (1962) (holding that an appellant demonstrates good faith when he seeks review of a nonfrivolous issue).

The Clerk of Court is directed to docket this as a "written opinion" within the meaning of Section 205(a)(5) of the E-Government Act of 2002.

SO ORDERED.

Dated:   July 8, 2019
         New York, New York

_____

COLLEEN McMAHON
Chief United States District Judge

# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF NEW YORK

_____

_____

Write the full name of each plaintiff.


-against-

_____

_____

_____

_____

Write the full name of each defendant. If you need more space, please write "see attached" in the space above and attach an additional sheet of paper with the full list of names. The names listed above must be identical to those contained in Section II.

_____CV_____
(Include case number if one has been assigned)

## AMENDED

## COMPLAINT

Do you want a jury trial?
☐ Yes    ☐ No

---

## NOTICE

The public can access electronic court files. For privacy and security reasons, papers filed with the court should therefore *not* contain: an individual's full social security number or full birth date; the full name of a person known to be a minor; or a complete financial account number. A filing may include *only*: the last four digits of a social security number; the year of an individual's birth; a minor's initials; and the last four digits of a financial account number. See Federal Rule of Civil Procedure 5.2.

---

## I.  BASIS FOR JURISDICTION

Federal courts are courts of limited jurisdiction (limited power). Generally, only two types of cases can be heard in federal court: cases involving a federal question and cases involving diversity of citizenship of the parties. Under 28 U.S.C. § 1331, a case arising under the United States Constitution or federal laws or treaties is a federal question case. Under 28 U.S.C. § 1332, a case in which a citizen of one State sues a citizen of another State or nation, and the amount in controversy is more than $75,000, is a diversity case. In a diversity case, no defendant may be a citizen of the same State as any plaintiff.

What is the basis for federal-court jurisdiction in your case?

☐  **Federal Question**

☐  **Diversity of Citizenship**

## A.  If you checked Federal Question

Which of your federal constitutional or federal statutory rights have been violated?

_____

_____

_____

_____

## B.  If you checked Diversity of Citizenship

### 1.  Citizenship of the parties

Of what State is each party a citizen?

The plaintiff , _____ , is a citizen of the State of
                       (Plaintiff's name)


_____
(State in which the person resides and intends to remain.)


or, if not lawfully admitted for permanent residence in the United States, a citizen or subject of the foreign state of


_____  .

If more than one plaintiff is named in the complaint, attach additional pages providing information for each additional plaintiff.

If the defendant is an individual:

The defendant, _____, is a citizen of the State of
                    (Defendant's name)

_____

or, if not lawfully admitted for permanent residence in the United States, a citizen or
subject of the foreign state of

_____.

If the defendant is a corporation:

The defendant, _____, is incorporated under the laws of

the State of _____

and has its principal place of business in the State of _____

or is incorporated under the laws of (foreign state) _____

and has its principal place of business in _____.

If more than one defendant is named in the complaint, attach additional pages providing
information for each additional defendant.

## II.  PARTIES

### A.  Plaintiff Information

Provide the following information for each plaintiff named in the complaint. Attach additional
pages if needed.

| | | |
|---|---|---|
| First Name | Middle Initial | Last Name |

| |
|---|
| Street Address |

| | | |
|---|---|---|
| County, City | State | Zip Code |

| | |
|---|---|
| Telephone Number | Email Address (if available) |

## B.  Defendant Information

To the best of your ability, provide addresses where each defendant may be served. If the correct information is not provided, it could delay or prevent service of the complaint on the defendant. Make sure that the defendants listed below are the same as those listed in the caption. Attach additional pages if needed.

Defendant 1: _____

First Name                          Last Name

_____

Current Job Title (or other identifying information)

_____

Current Work Address (or other address where defendant may be served)

_____

County, City                          State                 Zip Code

Defendant 2: _____

First Name                          Last Name

_____

Current Job Title (or other identifying information)

_____

Current Work Address (or other address where defendant may be served)

_____

County, City                          State                 Zip Code

Defendant 3: _____

First Name                          Last Name

_____

Current Job Title (or other identifying information)

_____

Current Work Address (or other address where defendant may be served)

_____

County, City                          State                 Zip Code

Defendant 4: _____

First Name                    Last Name

_____

Current Job Title (or other identifying information)

_____

Current Work Address (or other address where defendant may be served)

_____

County, City                    State                    Zip Code

## III. STATEMENT OF CLAIM

Place(s) of occurrence: _____


Date(s) of occurrence: _____

## FACTS:

State here briefly the FACTS that support your case. Describe what happened, how you were harmed, and what each defendant personally did or failed to do that harmed you. Attach additional pages if needed.

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

**INJURIES:**

If you were injured as a result of these actions, describe your injuries and what medical treatment, if any, you required and received.

_____

_____

_____

_____

**IV. RELIEF**

State briefly what money damages or other relief you want the court to order.

_____

_____

_____

_____

_____

## V.  PLAINTIFF'S CERTIFICATION AND WARNINGS

By signing below, I certify to the best of my knowledge, information, and belief that: (1) the complaint is not being presented for an improper purpose (such as to harass, cause unnecessary delay, or needlessly increase the cost of litigation); (2) the claims are supported by existing law or by a nonfrivolous argument to change existing law; (3) the factual contentions have evidentiary support or, if specifically so identified, will likely have evidentiary support after a reasonable opportunity for further investigation or discovery; and (4) the complaint otherwise complies with the requirements of Federal Rule of Civil Procedure 11.

I agree to notify the Clerk's Office in writing of any changes to my mailing address. I understand that my failure to keep a current address on file with the Clerk's Office may result in the dismissal of my case.

Each Plaintiff must sign and date the complaint. Attach additional pages if necessary. If seeking to proceed without prepayment of fees, each plaintiff must also submit an IFP application.

_____          _____
Dated                                                           Plaintiff's Signature

_____
First Name                            Middle Initial          Last Name

_____
Street Address

_____
County, City                                          State                    Zip Code

_____          _____
Telephone Number                                          Email Address (if available)

I have read the Pro Se (Nonprisoner) Consent to Receive Documents Electronically:

☐ Yes    ☐ No

    If you do consent to receive documents electronically, submit the completed form with your complaint. If you do not consent, please do not attach the form.